UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY ROBERT HALE,

        Petitioner,

                                        CASE NO. 14-CV-14127
v.                                    HONORABLE GERALD E. ROSEN

STEVEN RIVARD,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

      Michigan prisoner Larry Robert Hale ("Petitioner"), through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement. Petitioner pleaded no contest to third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b), in the Berrien County Circuit Court and was sentenced to 10 to 15 years imprisonment in 2012. In his pleadings, Petitioner raises claims concerning the voluntariness of his plea and the effectiveness of defense counsel. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

      Petitioner was initially charged with six counts of first-degree criminal sexual conduct (person under 13 years of age) and two counts of second-degree criminal sexual conduct (person under 13 years of age) involving two minor girls. Following a preliminary examination, the trial

court dismissed the charges involving the younger girl and bound Petitioner over for trial on the charges involving the older girl.  On June 11, 2012, Petitioner pleaded no contest to one count of third-degree criminal sexual conduct in exchange for dismissal of the other charges and a sentencing agreement of 10 to 15 years imprisonment.

After his plea but prior to sentencing, Petitioner moved to withdraw his plea asserting that he was innocent, that he had a defense to the charges, and that he did not understand the no contest plea and expected a jury trial.  The trial court conducted a hearing and denied the motion.  On July 16, 2012, the trial court sentenced Petitioner to 10 to 15 years imprisonment in accordance with the plea agreement.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the following claims:

I.   Whether Larry Robert Hale was denied his constitutional right to a jury trial when the trial court refused to grant Defendant-Appellant's motion to withdraw his no contest plea that was made prior to his sentencing under MCR 6.310(B)(1)?

II.  Whether the trial court abused his discretion when he refused to grant Defendant-Appellant's motion to withdraw his no contest plea that was made prior to his sentencing under MCR 6.310(B)(1)?

III. Whether Larry Robert Hale was denied his constitutional right to counsel of his choice when the trial court refused to grant Defendant-Appellant's motion to withdraw his no contest plea that was made prior to his sentencing under MCR 6.310(B)(1) by not having a jury trial with substituted counsel and without involvement of counsel of his choice in the plea agreement?

IV.  Whether the Trial Court committed error or abused his discretion by sentencing Larry Robert Hale to prison for 10 to 15 years when the Trial Court Judge failed to state adequate reasons on the record for an upward departure from the sentencing guidelines?

V.   Whether the Trial Court committed error or abused his discretion by sentencing Larry Robert Hale to prison for 10 to 15 years when the Trial Court Judge failed to give due consideration to the 55 point reduction in OV

2

points that defense counsel was able to obtain through argument prior to sentencing?

Pet. Brf., pp. 18-19. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Hale*, No. 315722 (Mich. Ct. App. May 24, 2013) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the following claims:

I.  Whether Larry Robert Hale was denied his constitutional right to a jury trial when the trial court refused to grant Defendant-Appellant's motion to withdraw his no contest plea that was made prior to his sentencing under MCR 6.310(B)(1)?

II.  Whether the trial court abused his discretion when he refused to grant Defendant-Appellant's motion to withdraw his no contest plea that was made prior to his sentencing under MCR 6.310(B)(1)?

III.  Whether Larry Robert Hale was denied his constitutional right to counsel of his choice when the trial court refused to grant Defendant-Appellant's motion to withdraw his no contest plea that was made prior to his sentencing under MCR 6.310(B)(1) by not having a jury trial with substituted counsel and without involvement of counsel of his choice in the plea agreement?

IV.  Whether Larry Robert Hale was denied his constitutional right to counsel as guaranteed by the U.S. Constitution's 6th and 14th Amendments because his counsel handling his case up to his plea hearing was not functioning as such, due to deficient performance?

V.  Was Larry Robert Hale's counsel ineffective for failure to have Larry Hale tested for mental competency prior to committing him to a plea without full knowledge or comprehension?

VI.  Whether the Trial Court committed error or abused his discretion by sentencing Larry Robert Hale to prison for 10 to 15 years when the Trial Court Judge failed to state adequate reasons on the record for an upward departure from the sentencing guidelines?

VII.  Whether the Trial Court committed error or abused his discretion by sentencing Larry Robert Hale to prison for 10 to 15 years when the Trial Court Judge failed to give due consideration to the 55 point reduction in OV points that defense counsel was able to obtain through argument prior to

sentencing?

Pet. Brf., p. 21.  The Michigan Supreme Court denied leave to appeal in a standard order.  *People v. Hale*, 495 Mich. 900, 839 N.W.2d 455 (Nov. 25, 2013).

Petitioner, through counsel, filed his federal habeas petition on October 27, 2014.  He raises the following claims:

> I.    Petitioner is entitled to withdraw his no-contest plea under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because the plea was not voluntarily, understandingly and knowingly made since Petitioner lacked the mental ability to understand the plea proceedings against him and the constitutional rights that he was waiving.

> II.   Petitioner's trial counsel at the plea hearing, Attorney Parish, rendered ineffective assistance of counsel by having Petitioner enter a no-contest plea that was not voluntarily, understandingly and knowingly made since Petitioner lacked the mental ability to understand the plea proceedings against him and the constitutional rights that he was waiving.

> III.  In the event that the People of the State of Michigan claim that Petitioner procedurally defaulted the constitutional issues, Petitioner can show "cause" and "prejudice" to excuse any presumed procedural default based upon ineffective assistance of post-plea and appellate counsel, Attorney Kirk, and the fact that Petitioner is actually innocent.

Pet. Brf., pp. 26, 33, 37.

**III.   Analysis**

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.

4

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must be presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  For a Michigan prisoner, each issue must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)).  While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review.  *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).  The burden is on the prisoner to prove exhaustion.  *Rust*, 17 F.3d at 160.

In this case, Petitioner has not met his burden of establishing that he has exhausted all of his habeas claims in the Michigan courts before proceeding on federal habeas review.  His pleadings indicate that he did not list his ineffective assistance of trial counsel claim as a distinct claim for relief in the Michigan Court of Appeals on direct appeal.  Briefs filed in the Michigan Court of Appeals must contain a clear, concise, and separately numbered list of the questions considered on appeal, MICH. CT. R. 7.212(C)(5), and issues not placed in the statement of questions presented are waived.  *Van Buren Twp. v. Garter Belt, Inc.*, 258 Mich. App. 594, 673 N.W.2d 111, 134 (2003); *People v. Miller*, 238 Mich. App. 168, 604 N.W.2d 781, 783 (1999).  Because Petitioner did not list his ineffective assistance of counsel claim in his issues before the Michigan Court of Appeals, the claim was not fairly presented to that court on direct appeal and has not been properly exhausted in the state courts.  *See Wood v. Booker*, 450 F. App'x 480, 490 (6th Cir. 2011) (petitioner did not fairly present ineffective assistance of counsel claim to the Michigan Court of Appeals where he did

5

not include it in the questions presented); *Wagner*, 581 F.3d at 415-16; *Williams v. Rapelje*, No. 2:14-CV-10408, 2014 WL 4537483, *2 (E.D. Mich. Sept. 11, 2014).[1]

Furthermore, according to Petitioner, in arguing that he was entitled to withdraw his plea, he claimed violations of his "right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and his right to trial by jury and counsel of his choice under the Sixth Amendment." Pet. Brf., p. 19. While Petitioner apparently noted trial counsel's failure to discuss the Advice of Rights form and asserted that counsel was ineffective in questioning witnesses at the preliminary examination, Petitioner did not specifically allege that counsel was ineffective for not having his mental ability evaluated before the plea or for advising him/allowing him to accept the plea, *id.* at 19-20, as claimed in his current petition. Pet. Brf., pp. 34-36. He thus did not fairly present his ineffective assistance of trial counsel claim to the Michigan Court of Appeals so as to satisfy the exhaustion requirement. *See, e.g., Vasquez v. Jones*, 496 F.3d 564, 568 (6th Cir. 2007) ("sporadic and undeveloped allusions" to a claim do not satisfy the exhaustion requirement); *Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987) (ruling that exhaustion doctrine "requires that the same claim under the same theory be presented to state courts before raising it in a habeas petition," and that the petitioner had not exhausted his state remedies because he based his claim of ineffective of assistance of counsel in the state courts on different grounds than he asserted in the federal courts).

---

[1]The same might be said for Petitioner's claim that his plea was involuntary because it was not listed as a specific issue before the Michigan Court of Appeals. Petitioner, however, asserts that he included the legal and factual basis for the claim in his argument for plea withdrawal. In any event, the Court need not resolve this issue at this juncture because Petitioner has nonetheless not satisfied the exhaustion requirement as to his ineffective assistance of counsel claim.

6

Rather, Petitioner first raised his specific ineffective assistance of counsel claim(s) on appeal to the Michigan Supreme Court.  Presenting new issues for the first time before a state supreme court on discretionary review, however, does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Petitioner has thus failed to properly exhaust all of his claims in the state courts before seeking federal habeas review.

Petitioner requests that any "procedural default" be excused due to appellate counsel's ineffectiveness on direct appeal.  Any claim of ineffective assistance of appellate counsel, however, is itself subject to the exhaustion requirement.  *Baldwin v. Reese*, 541 U.S. 27, 30-33 (2004).  Moreover, an exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to make further exhaustion efforts futile.  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  Such is not the case here.  Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile.  For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising any unexhausted claims and then pursue those claims in the state appellate courts as necessary.  The unexhausted issues concern matters of federal law which may warrant further review and should therefore be addressed to, and considered by, the state courts in the first instance.  Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  *Rhines v.*

*Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner, however, has not shown the need for a stay. The one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about February 23, 2014. Petitioner, through counsel, filed his federal habeas petition on October 27, 2014. Thus, just over eight months of the one-year period had run when Petitioner instituted this action. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner thus has sufficient time, more than three and a half months, to pursue state collateral review and exhaust his issues in the state courts (thereby tolling the one-year period), and return to federal court on a perfected petition.

While there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to properly exhaust all of his claims in the state courts before seeking habeas relief in federal court. Even if appellate counsel was ineffective during the direct appeal process, Petitioner, who is represented by counsel, offers no reason why he was unable

8

to pursue his issues on collateral review in the state courts before filing his federal petition.  Lastly, Petitioner's unexhausted claims concern matters of federal law which do not appear to be "plainly meritless."  Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

## IV.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not properly exhausted all of his habeas claims in the state courts before filing this action, that he must do so before proceeding on federal habeas review, and that a stay is unwarranted.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  FED. R. APP. P. 24(a).

9

**IT IS SO ORDERED**.


s/Gerald E. Rosen                 
Chief Judge, United States District Court

Dated:  November 26, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 26, 2014, by electronic and/or ordinary mail.

s/Julie Owens                  
Case Manager, (313) 234-5135